# EXHIBIT 2

Letter to David Garcia (EPA Region 6) RE: Texas SIP Limits
(Aug. 18, 2021)



1206 San Antonio St.
Austin, TX 78701
Phone: (425) 381-0673
www.environmentalintegrity.org

August 18, 2021

David Garcia
Director, Air & Radiation Division (Region 6)
EPA Region 6 Main Office
1201 Elm Street
Dallas, Texas 75270

Re: EPA Must Correct Texas's Attempts to Exempt Coal-Fired Power Plants from State Implementation Plan and Best Available Control Technology Emission Limits During Planned Maintenance, Startups and Shutdowns

Dear Director Garcia:

Once again, the Environmental Integrity Project, Sierra Club, Public Citizen, Texas Campaign for the Environment, and Environment Texas write to urge the Environmental Protection Agency to perform its oversight duty under the federal Clean Air Act to correct Texas's longstanding and brazen campaign to improperly exempt certain coal-fired power plants from emission limits in the Texas State Implementation Plan ("SIP") and to eliminate Prevention of Significant Deterioration ("PSD") permit limits during periods of planned maintenance, startup, and shutdown ("MSS") activities.

We brought this matter to EPA's attention in our 2015 Citizen Petition, which is included as Attachment M to this letter. Our Citizen Petition identified Texas permits eliminating SIP particulate matter emission limits at coal-fired power plants during planned MSS activities, in some cases for more than 1,000 hours a year. The Citizen Petition also identified Texas PSD permits that established alternative limits for planned MSS activities at coal-fired power plants that authorize up to 30 times more pollution to be emitted on an hourly basis. For example, the particulate matter emission limit for each of NRG Limestone's Units 1 and 2 was increased from 272 lbs/hour to 7,616 lbs/hour.[1] The permit revisions improperly authorizing these drastic surges of uncontrolled air pollution at NRG Limestone and other power plants were issued without any public notice and contain terms negotiated by the Texas Commission on Environmental Quality and the Association of Electric Companies behind closed doors. *See, e.g.,* Asher Price,

---

[1] *Compare* the Maximum Allowable Emission Rate Table for the version of Permit No. 8576/PSDTX371M4 issued on December 22, 2008 to the Maximum Allowable Emission Rate Table for the version of that permit issued on June 18, 2013.

1

*Environmental Groups Likely to Ask Feds to Oversee Texas Coal Plants*, Austin Statesman, September 23, 2016.[2]

To date, EPA has not formally responded to the Citizen Petition. While some coal plants identified by the Citizen Petition have closed, others remain open and operate under permits improperly exempting them from Texas SIP and PSD pollution control requirements.

**Particulate Matter SIP Exemptions in Active Permits for Coal-Fired Electric Generating Units**

| Source | Permit Number, Link |
|---|---|
| Harrington Station Power Plant | Permit No. 1388/PSDTX631M1, Special Condition No. 16 |
| San Miguel Electric Plant | Permit No. 4180A, Special Condition No. 16 |
| Sam Seymour Fayette Power Project | Permit No. 51770/PSDTX486M3, Special Condition No. 24 |
| H.W. Pirkey Power Plant | Permit No. 6269/PSDTX64, Special Condition No. 24 |
| Limestone Electric Generating Station | Permit No. 8576/PSDTX371M5, Special Condition No. 20 |
| Martin Lake Steam Electric Station | Permit No. 933, Special Condition No. 11 |
| Oklaunion Power Station | Permit No. 9015/PSDTX325M2, Special Condition No. 29 |

**PSD Exemptions in Active Permits for Sulfur Dioxide, Nitrogen Oxide, and Particulate Matter**

| Source | Sulfur Dioxide | Nitrogen Oxide | Particulate Matter | Permit Number, Link |
|---|---|---|---|---|
| NRG Limestone Power Plant (Units 1 and 2) | N/A | N/A | 0.03 lb/MMBtu | Permit No. 8576/PSDTX371M5, Special Condition No. 3 |
| Oklaunion Power Station | 0.5 lb/MMBtu (3-hour) | 0.5 lb/MMBtu (30-day) | N/A | Permit No. 9015/PSDTX325M2, |

---

[2] Available electronically at: https://www.statesman.com/NEWS/20160923/Environmental-groups-likely-to-ask-feds-to-oversee-Texas-coal-plants.

2

| | | | | Special Condition Nos. 6, 23 |
|---|---|---|---|---|
| J.K. Spruce Power Plant (Unit 1) | 0.35 lb/MMBtu (30-day), 0.60 lb/MMBtu (3-hour), 1.2 lb/MMBtu (1-hour) | 0.30 lb/MMBtu (30-day) | 0.03 lb/MMBtu (avg. of three one-hour runs) | Permit No. 18426/PSDTX7421M, Special Condition No. 8 |
| J.K. Spruce Power Plant (Unit 2) | 0.1 lb/MMBtu (30-day), 0.06 lb/MMBtu (annual) | 0.069 lb/MMBtu (30-day), 0.05 lb/MMBtu (annual) | (filterable) 0.015 lb/MMBtu (annual), (total) 0.022 lb/MMBtu (annual) | Permit No. 70492/PSDTX1037, Special Condition Nos. 6, 7 |
| Welsh Power Plant (Unit 1) | 1.2 lb/MMBtu | 0.36 lb/MMBtu (30-day) | 0.1 lb/MMBtu (3-hour), 154.68 lbs/hour | Permit No. 4381/PSDTX3, Special Condition Nos. 2, 3, 25, MAERT |
| Welsh Power Plant (Unit 3) | 1.12 lb/MMBtu (3-hour), 5,771 lbs/hour | 0.36 lb/MMBtu (30-day) | 0.069 lb/MMBtu (3-hour), 154.68 lbs/hour | |

In 2016, EPA objected to the Title V permit for the H.W. Pirkey Power Plant citing the same kinds of deficiencies we identified in our Citizen Petition. Attachment D, Pirkey Order. EPA determined that Texas could not exempt the power plant from SIP particulate matter emission limits during planned startups and shutdowns and that exemptions from PSD Best Available Control Technology ("BACT") limits during planned maintenance activities were not justified.

Five years have passed since EPA issued that order and EPA still has not revised the Pirkey permit, as required by 42 U.S.C. § 7661d(c), and EPA has failed to take action to require other sources identified by the Citizen Petition to comply with Texas SIP requirements and PSD pollution control requirements during planned MSS activities. We understand that EPA may have wished to resolve this matter through informal negotiations with Texas. But it is now clear that those negotiations have not been productive. EPA's failure to address these problems after five years signals to Texas and other states hostile to federal oversight that EPA is unwilling to enforce the Clean Air Act's clear prohibition on unilateral state action to weaken SIP limits.

Texas's 2020 proposal to resolve the Pirkey Order and concerns raised in the Citizen Petition through a series of eight agreed orders highlights the fruitlessness of this negotiation process. These agreed orders, which Texas has asked EPA to incorporate into the Texas SIP, simply repeat the objectionable terms of the NSR permits for the subject plants while denying that

3

those terms create exemptions to or weaken any federal requirements.[3]  *See* Attachment O, Agenda Item Request, Docket No. 2020-0071-SIP, Consideration for publication of, and hearing on, a proposed State Implementation Plan Revision Regarding Planned Startup and Shutdown Emissions for Certain Electric Generating Units (EGUs), dated March 6, 2020 and Appendices A-H to Attachment O.  We thoroughly rebutted Texas's characterization of these agreed orders, explained why they do not resolve issues identified by the Citizen Petition, and demonstrated the agreed orders may not be approved into the Texas SIP in comments to the TCEQ, which are included as Attachment P to this letter.

The TCEQ's attempts to defend its unilateral actions to create source-specific exemptions to the categorical emission limits in its SIP and PSD BACT requirements have already been decisively rejected by EPA and have been rebutted by the Environmental Integrity Project and others on multiple occasions.  **Attachments A-T** to this letter include the relevant public petitions and comment documents addressing the TCEQ's actions in violation of the Texas SIP, along with Texas's responses and related records to provide a clear record of Texas's refusal to respect the limits of its authority under the SIP and the federal Clean Air Act.

Having presented this record, we re-urge EPA to exercise its oversight authority to ensure compliance with the Texas SIP and PSD BACT requirements during planned MSS activities.  Specifically, we ask that EPA take the following actions to resolve the pending Citizen Petition and to address the TCEQ's failure to revise the Title V permit for the H.W. Pirkey Plant in response to the Pirkey Order by February 20, 2022:

- Deny Texas's proposed SIP revision to incorporate eight Agreed Orders that effectively exempt Texas coal-fired power plants from Texas SIP particulate matter and opacity limitations during startups and shutdowns.  In denying Texas's SIP revision, EPA should clarify that neither the agreed orders nor the Texas permits on which the agreed orders were based bar enforcement actions for violations of Texas SIP requirements.  The SIP revision must be denied because Texas failed to demonstrate that it will not interfere with attainment and maintenance of National Ambient Air Quality Standards or other Clean Air Act requirements.  42 U.S.C. § 7410(k)(3), (l);

---

[3] EPA must understand that Texas's refusal to properly implement and enforce its SIP particulate matter regulations are not the result of an unsolvable technical problem.  There is a widely-used and economically reasonable control technology available that each of the above-listed coal-fired power plants could install to effectively control particulate matter emissions during startups and shutdowns: fabric filter baghouses.  In fact, multiple Texas power plants have recently taken the step of installing baghouses to comply with EPA's National Emission Standards for Hazardous Air Pollutants for Electric Generating Units and to resolve issues related to SIP compliance during periods of startup and shutdown.  For example, the Welsh Power Plant installed baghouses on Units 1 and 3 in 2015.  Similarly, Coleto Creek replaced the ESP on Unit 1 with a baghouse in 2007.  Attachment P, Environmental Integrity Project's comments on TCEQ Docket No. 2020-0071-SIP at 20-22.  These controls should have been required as Best Available Control Technology when the TCEQ issued permit amendments authorizing new, higher emissions during startups and shutdowns at the above-listed sources.  *Id*.  Members of the public, however, were unable to raise this argument during the permitting process, because the TCEQ amended the permits without any public notice or opportunity for public comment.

- Order Texas to reopen and revise coal-fired power plant Title V permits incorporating illegal SIP and PSD exemptions within 90 days. If Texas fails to revise the permits within 90 days of this order, EPA should promptly revise the Title V permits itself. 42 U.S.C. § 7661d(e); 40 C.F.R. §§ 70.7(f)(iv), 70.8(c)(4); and

- Revise the Title V Permit for the H.W. Pirkey Power Plant to remove illegal exemptions identified by the Pirkey Order, because Texas failed to make the required corrections within 90 days. 42 U.S.C. § 7661d(c);

We look forward to EPA's prompt reply to this letter. Please do not hesitate to contact the undersigned attorney should you have any questions about this letter or the documents attached to it.

Sincerely,

Gabriel Clark-Leach
Senior Attorney
ENVIRONMENTAL INTEGRITY PROJECT
1206 San Antonio St.
Austin, Texas 78701
(425) 381-0673

Cc:   Administrator Regan, Acting Regional Administrator David Gray, Guy Donaldson, Richard Bartley

## INDEX OF ATTACHMENTS

### H.W. Pirkey Power Plant Documents

(Attachment A)    Comments Regarding a Minor Revision to Federal Title V Operating Permit O31 for Southwestern Electric Power Company's H.W. Power Plant, Harrison County, Texas, filed June 13, 2013 (explaining that Texas does not have the authority to create exemptions to its SIP particulate matter limits at 30 Tex. Admin. Code §§ 111.111(a) and 111.153 through the NSR permitting process and identifying SIP rule that establishes process for relaxing § 111.111(a) limits, but not § 111.153(b) limits).

(Attachment B)    Response to Public Comments Regarding Permit No. O31 for the H.W. Pirkey Power Plant, dated July 15, 2014 (explaining that TCEQ's Executive Director relied on Texas's rule at 30 Tex. Admin. Code § 101.221(d) to modify SIP requirements at the Pirkey Power Plant during planned MSS activities).

(Attachment C)    Petition Requesting that the Administrator Object to the Issuance of the Proposed Title V Operating Permit for the H.W. Pirkey Power Plant, Permit No. O31, filed October 30, 2014 ("Pirkey Petition") (demonstrating that EPA's approval of § 101.221(d) was conditioned on Texas's acknowledgment that the rule could not be used to modify SIP requirements, including opacity requirements at § 111.111).

(Attachment D)    In the Matter of SWEPCO H.W. Pirkey Power Plant, Order on Petition No. VI-2014-01 (February 3, 2016) (rejecting Texas's reading of § 101.221(d), clarifying that Texas's SIP particulate matter control rules at § 111.111(a) and § 111.153(b) applied during periods of planned MSS, objecting to the Executive Director's failure to justify alternative BACT limits during planned maintenance activities, and directing the TCEQ to revise Pirkey's Title V permit to require continuous compliance with these requirements).

(Attachment E)    Public Comments on the Executive Director's Response to EPA's Objection to Title V Permit No. O31 Authorizing Operation of SWEPCO's H.W. Pirkey Power Plant, filed on June 20, 2016 (explaining (1) that EPA and not the TCEQ must revise Permit No. O31 to address EPA's Pirkey Objection Order, *see* 42 U.S.C. § 7661d(c); 40 C.F.R. § 70.7(g)(5), because the TCEQ failed to timely revise the permit; and (2) the Executive Director's new argument that SIP particulate matter control requirements never applied to the Pirkey Power Plant during periods of planned MSS is both dishonest and incompatible with the clear meaning

of Texas's rules, Texas's history of enforcing those rules, and is not supported by a shred of direct evidence).

## Welsh Power Plant Documents

(Attachment F)     Public Comments Regarding American Electric Power Welsh Power Plant Draft Renewal of Title V Permit No. O26, filed on May 5, 2014 (explaining that the Executive Director may not use the NSR permitting process to create exemptions to Texas SIP particulate matter control requirements at §§ 111.111(a) and 111.153(b)).

(Attachment G)     Response to Public Comments Regarding Permit No. O26 for the Welsh Power Plant, dated July 19, 2016 (ignoring his previous representation in the Pirkey response to comments that SIP exemptions in power plant permits were established pursuant to § 101.221(d) and asserting incompatible argument that SIP particulate matter pollution control requirements never applied to the Welsh power plant during planned MSS activities).

(Attachment H)     Title V Permit No. O26, dated September 19, 2016 (mooting Welsh petition by requiring operation of baghouses capable of complying with Texas SIP particulate matter emission limits during planned MSS activities).

## Gibbons Creek Power Plant Documents

(Attachment I)     Public Comments Regarding Draft Renewal Permit No. O83, Authorizing Operation of Texas Municipal Power Agency's Gibbons Creek Steam Electric Station, Located in Grimes County, Texas, filed on August 17, 2016 (explaining that the Executive Director may not use the NSR permitting process to create exemptions to Texas SIP particulate matter control requirements at §§ 111.111(a) and 111.153(b) and that Compliance Assurance Monitoring ("CAM") provisions in the Title V permit may not exempt reporting requirements with respect to particulate matter deviations that occur during period of planned MSS).

(Attachment J)     Letter Voiding Site Operating Permit and Renewal Application Withdrawal, Permit No. O83, dated June 25, 2021 (rendering comments on the draft renewal Title V permit for the Gibbons Creek power plant moot after closing of the power plant.

### Harrington Station Power Plant Documents

(Attachment K)   Public Comments on Draft Renewal Title V Permit No. O15 Authorizing Operation of the Harrington Station Power Plant, filed on November 4, 2016 (explaining that the Executive Director may not use the NSR permitting process to create exemptions to Texas SIP particulate matter control requirements at §§ 111.111(a) and 111.153(b)).

### San Miguel Electric Plant Documents

(Attachment L)   Public Comments Regarding Draft Renewal Permit No. O85, Authorizing Operation of the San Miguel Power Plant, Located in Atascosa County, Texas, filed on October 12, 2017 (explaining that the Executive Director may not use the NSR permitting process to create exemptions to Texas SIP particulate matter control requirements at §§ 111.111(a) and 111.153(b)).

### Documents Addressing Multiple Power Plants

(Attachment M)   Petition for EPA Action Addressing Startup, Shutdown, and Maintenance Exemptions in Revised Permits for Texas Coal-fired Power Plants, filed on May 27, 2015 ("Citizen Petition") (providing detailed analysis of Texas rulemakings related to emissions during planned MSS activities, demonstrating that the TCEQ had improperly exempted 19 coal-fired units from Texas SIP particulate matter control requirements during planned MSS activities, demonstrating that preconstruction permit emission limits for 14 coal-fired units had been relaxed without any public notice during planned MSS activities, and asking EPA to take action to address Texas's failure to properly implement its planned MSS permitting authority).

Citizen Petition Exhibits:

- Exhibit A (2008 Citizen Petition for Action Pursuant to the Clean Air Act Regarding the Inadequacies of the Texas SIP and Federal Operating Permit Program and Failure to Enforce the Plan and State Permitting Programs, and First Petition Supplement)
- Exhibit B (Letter from Kelly Haragan to Tom Diggs, EPA Region 6 Associate Director for Air Programs, dated January 4, 2008)
- Exhibit C (MSS applications and Permits)
- Exhibit D (Opacity and Particulate Matter Limits Exemptions Table)
- Exhibit E (NSR Hourly PM Emission Limits, MSS v. Original Permit Condition Table)

- Exhibit F (Comparison of SIP and MSS Startup Emission Rates at Select Texas Facilities Table)
- Exhibit G (Preconstruction Permit Limits That No Longer Apply During MSS Events Table)
- Exhibit H (Time Periods During Which Opacity Exemptions and MSS Limits Apply at Select Texas Facilities)
- Exhibit I (Letter from Jeff Robinson, EPA Region 6 Chief, Air Permits Section dated May 21, 2008)
- Exhibit J (Letter from TCEQ Air Permits Division, to BP Products North America, Re: MSS Authorization, Permit No. 47256 dated May 15, 2015)
- Exhibit K (Annual PM Emissions: Allowable Limits vs. Actual Emissions Table)

(Attachment N) Letter from Steve Hagle, Deputy Director, TCEQ Office of Air, to Gina McCarthy, Administrator, EPA, re: Petitions Submitted to EPA Regarding Certain Coal-fired Power Plants in Texas, dated December 2, 2015 ("Interpretive Letter") (responding to Citizen Petition and the Pirkey Petition and explaining that EPA should defer to the TCEQ's argument that Texas SIP particulate matter control requirements never applied to coal-fired power plants equipped with ESPs during planned MSS activities).

(Attachment O) Agenda Item Request, Docket No. 2020-0071-SIP, Consideration for publication of, and hearing on, a proposed State Implementation Plan Revision Regarding Planned Startup and Shutdown Emissions for Certain Electric Generating Units (EGUs), dated March 6, 2020 (proposing eight agreed orders for Texas coal-fired power plants, to be submitted to EPA as source-specific SIP revisions, which establish exemptions to Texas SIP particulate matter pollution control requirements without acknowledging such exemptions, based on rationale provided in the Interpretive Letter).

- Appendix A  (Agreed Order with Southwestern Electric Power Company H.W. Pirkey Power Plant in Harrison County)
- Appendix B (Agreed Order with Lower Colorado River Authority Sam Seymour Fayette Power Project in Fayette County)
- Appendix C (Agreed Order with Luminant Generation Company, LLC Martin Lake Steam Electric Station in Rusk County)
- Appendix D (Agreed Order with NRG Texas Power, LLC Limestone Electric Generating Station in Limestone County)

9

|  |  |
|---|---|
|  | - Appendix E (Agreed Order with San Miguel Electric Cooperative, Inc. San Miguel Electric Plant in Atascosa County)
- Appendix F (Agreed Order with Southwestern Public Service Company Harrington Station in Potter County)
- Appendix G (Agreed Order with Texas Municipal Power Agency Gibbons Creek Steam Electric Station in Grimes County)
- Appendix H (Agreed Order with Public Service Company of Oklahoma Oklaunion Power Station in Wilbarger County) |
| (Attachment P) | Comments on Docket No. 2020-0071-SIP, Proposed State Implementation Plan Revision Regarding Planned Startup and Shutdown Emissions for Certain Electric Generating Units, filed on May 26, 2020 (dismantling Interpretive Letter's argument that SIP limits never applied to coal-fired power plants equipped with ESPs during planned MSS activities and demonstrating that the TCEQ failed to demonstrate that the eight source-specific proposed SIP revisions would not interfere with Clean Air Act requirements). |
| (Attachment Q) | Responses to Comments Received Concerning Agreed Orders Regarding Planned Maintenance, Startup, and Shutdown Emissions for Certain Electric Generating Units (reasserting Interpretive Letter rationale to reject demonstration that Texas coal-fired power plants equipped with ESPs have always been subject to SIP particulate matter control requirements during planned MSS activities and that agreed orders would effectively relax existing SIP requirements). |
| (Attachment R) | Order Adopting Agreed Orders and Revisions to the State Implementation Plan, Docket Nos. 2020-0071-SIP, 2020-0072-SIP, 2020-0073-SIP, 2020-0074-SIP, 2020-0075-SIP, 2020-0076-SIP, 2020-0077-SIP, 2020-0078-SIP, 2020-0178-SIP, signed on August 4, 2020 (issuing agreed orders and directing the Executive Director to forward the agreed orders to EPA as a proposed revision to the Texas SIP). |

**Notices of Intent to Sue EPA**

| | |
|---|---|
| (Attachment S) | Notice of Intent to Sue for Unreasonable Delay and Failure to Perform a Non-Discretionary Duty to Review and Re-Issue Three Title V Permits Issued by the TCEQ, dated September 30, 2016. |

(Attachment T)          Notice of Intent to Sue for Unreasonable Delay in Responding to a Citizen Petition for EPA Action to Enforce the Texas SIP and Title V of the Clean