# EXHIBIT 4

July 27, 2022 Notice of Intent Letter & USPS Certified Mail Return Receipt



1206 San Antonio St.
Austin, TX 78701
www.environmentalintegrity.org

July 27, 2022

Michael S. Regan, Administrator
U.S. Environmental Protection Agency
Ariel Rios Building, Mail Code 1101A
1200 Pennsylvania Avenue, NW
Washington, DC 20460

RE: Notice of Intent to Sue for Failure to Timely Act on Texas's SIP Revision Submittal Concerning Planned Maintenance, Startup, and Shutdown Emissions from Eight Coal-Fired Power Plants

Dear Administrator Regan:

With this letter, the Environmental Integrity Project and Sierra Club are giving you notice of our intent to sue you for failing to act on Texas's State Implementation Plan ("SIP") revision submittal proposing to incorporate eight agreed orders issued by the Texas Commission on Environmental Quality ("TCEQ").[1] These agreed orders, if incorporated into the Texas SIP, would exempt the subject coal-fired power plants from Texas SIP particulate matter (and opacity) emission limits during planned maintenance, startup, and shutdown ("MSS") activities.

The applicable SIP limits were established long ago to prevent nuisance conditions and are an order of magnitude higher than pollution control requirements that apply to modern coal-fired power plants under Prevention of Significant Deterioration Best Available Control Technology requirements.[2] Nonetheless, the Texas SIP revision would exempt the eight subject power plants from these already-high emission limits, allowing them to bypass particulate matter pollution controls during planned MSS activities for hundreds of hours each year. During such periods, these power plants would be allowed to emit up to 30 times more particulate matter pollution on an hourly basis than is allowed during routine operation. This is so despite the availability of a widely-used and economically reasonable control technology—fabric filter baghouses—capable of reducing particulate matter emissions from these power plants during planned MSS activities well below the modest limits in the Texas SIP.

---

[1] A copy of the SIP revision narrative and the agreed orders is included as <u>Exhibit A</u> to this letter.

[2] The relevant regulations are found at 30 TEX. ADMIN. CODE §§ 111.111(a)(1) (opacity) and 111.153(b) (particulate matter).

As we already explained to EPA, you must deny the requested SIP revision because: Texas's application materially mischaracterizes the nature of the revision it is requesting; the alternative control requirements for planned MSS activities Texas proposes are inconsistent with applicable Best Available Control Technology requirements; and because the application fails to demonstrate that the massive increases in hourly particulate matter emissions the revision would bless protect particulate matter National Ambient Air Quality Standards ("NAAQS").[3]

**Authority to Bring Suit**

Clean Air Act, Section 304(a)(2) authorizes a citizen suit in federal district court "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2). Clean Air Act, Section 110(k) requires you to act on SIP revision applications within one year after they are deemed complete by operation of law.  42 U.S.C. § 7410(k).  Texas filed this SIP revision application with EPA on August 20, 2020.[4]  Because EPA did not inform Texas that this submission failed to meet applicable completeness criteria, the application was deemed complete by operation of law six months after submission, on February 20, 2021. 42 U.S.C. § 7410(k)(1)(B). Your deadline to act on this submittal passed one year later, on February 20, 2022.  42 U.S.C. § 7410(k)(2), (3).  You have not yet performed this non-discretionary duty.

As required by Clean Air Act, Section 304(b)(2), the Environmental Integrity Project and Sierra Club are hereby giving you the required 60-day notice of our intent to bring a citizen suit to compel you to expeditiously act on Texas's SIP revision submittal.  42 U.S.C. § 7604(b)(2).

**Relief Requested**

Plaintiffs will seek the following relief:

---

[3] Exhibit B, Letter from Environmental Integrity Project, Sierra Club, Public Citizen, Texas Campaign for the Environment, and Environment Texas to David Garcia, Director, Air & Radiation Division (EPA Region 6), Re: EPA Must Correct Texas's Attempts to Exempt Coal-Fired Power Plants from State Implementation Plan and Best Available Control Technology Emission Limits During Planned Maintenance, Startups, and Shutdowns, dated August 18, 2021.

For additional background and analysis, *see* Public Comments on Docket No. 2020-0071-SIP, Proposed State Implementation Revision Regarding Planned Startup and Shutdown Emissions for Certain Electric Generating Units, submitted by Environmental Integrity Project, Sierra Club, Public Citizen, Texas Campaign for the Environment, and Environment Texas, dated May 26, 2020.  Available electronically at: https://app.box.com/s/x0fmcxtgiq25t82zdvo6ehiapo2un5ay

[4] Exhibit C, Email from John Minter, TCEQ Staff Attorney to Gabriel Clark-Leach Re: Power Plant Agreed Orders, dated June 21, 2021.

1. An order compelling you to expeditiously approve, partially approve, or deny Texas's SIP revision submittal;
2. Attorney's fees and other litigation costs; and
3. Other appropriate relief as allowed.

**Parties**[5]

As required by 40 C.F.R. § 54.3, the persons providing this notice are:

Environmental Integrity Project
1206 San Antonio Street
Austin, Texas 78701
Attn: Gabriel Clark-Leach

Sierra Club
2010 Webster St., Suite 1300
Oakland, California 94612
Attn: Aaron Isherwood

**Conclusion**

You have failed to meet the deadline to act on Texas's SIP revision application. For the reasons stated above and detailed in our comments to the TCEQ, Texas's application must be denied. Accordingly, Environmental Integrity Project and Sierra Club will bring a lawsuit in federal district court to compel your action unless you deny Texas's SIP revision application within 60 days. Please contact the undersigned attorney if you have any questions regarding this notice letter, believe any of the foregoing information to be in error, or would otherwise like to discuss settlement of this matter.

Sincerely,

*[signature]*

Gabriel Clark-Leach
Environmental Integrity Project
1206 San Antonio Street
Austin, TX 78701

---

[5] While EPA regulations require this information to be included in this notice letter, please direct all communications regarding this matter to the undersigned attorney.

(425) 381-0673 (phone)
gclark-leach@environmentalintegrity.org

4



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Michael S Regan,
EPA
Ariel Rios building,
Mail code 1101A   1200
Pennsylvania Avenue, NW
Washington DC   20460



9590 9402 7512 2098 3427 48

2. Article Number (Transfer from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

AUG 3 - [stamp]

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053       Domestic Return Receipt



USPS TRACKING #

9590 9402 7512 2098 3427 48

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States Postal Service

Sender: Please print your name, address, and ZIP+4® in this box

Environmental Integrity Project
1206 San Antonio St
78701