UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Environmental Integrity Project and Sierra Club, <br><br> Plaintiffs, <br><br> v. <br><br> Michael Regan, in his official capacity as Administrator, U.S. Environmental Protection Agency, <br><br> Defendant. | Case No. 1:22-cv-3063 |

## [~~PROPOSED~~] CONSENT DECREE

WHEREAS, on October 10, 2022, Plaintiffs Environmental Integrity Project and Sierra Club filed a complaint against Defendant Michael Regan, in his official capacity as Administrator of the United States Environmental Protection Agency ("EPA," and with Plaintiffs, the "Parties"), ECF No. 1 ("Compl.");

WHEREAS, section 110(k) of the Clean Air Act ("CAA"), 42 U.S.C. § 7410(k), sets forth the process by which EPA reviews state implementation plan ("SIP") submittals, including SIP revisions, and requires EPA to determine whether a SIP submission is complete within six months of receiving the submission, and if EPA does not timely do so, then the submittal is deemed complete by operation of law, *id.* § 7410(k)(1)(B);

WHEREAS, pursuant to section 110(k)(2)-(4) of the CAA, *id.* § 7410(k)(2)-(4), EPA must approve, disapprove, or conditionally approve, in whole or in part, each SIP submission within 12 months of a completeness determination by EPA or the date a submittal is deemed complete by operation of law;

WHEREAS, on or around August 20, 2020, the Texas Commission on Environmental Quality submitted to EPA a SIP titled *2020 SIP Revision and Agreed Orders* (the "SIP Revision"), Compl. ¶¶ 3, 6;

WHEREAS, Plaintiffs allege that EPA has failed to perform a non-discretionary duty under section 110(k)(2)-(3) of the CAA, 42 U.S.C. § 7410(k)(2)-(3), to take final action to approve or disapprove, in whole or in part, the SIP Revision, and allege that such alleged failure is actionable under section 304(a)(2) of the CAA, *id.* § 7604(a)(2), Compl. ¶¶ 38-40;

WHEREAS, to date, EPA has not taken final action on the SIP Revision;

WHEREAS, the relief requested in the complaint includes, among other things, an order from this Court to establish a date by which EPA must fulfill its alleged obligations and litigation costs, including attorneys' fees, *id.* at 11;

WHEREAS, the Parties wish to settle this case without expensive and protracted litigation and without a litigated resolution of any issue of law or fact;

WHEREAS, the Parties consider this consent decree to be an adequate and equitable resolution of the claims addressed and therefore wish to effectuate this settlement;

WHEREAS, it is in the interest of the public, the Parties, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, the Court, by entering this consent decree, finds that the consent decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, without determination of any issue of fact or law, and upon the Parties' consent, it is ORDERED, ADJUDGED, and DECREED that:

1. This Court has subject-matter jurisdiction to order the relief provided in this consent decree. Venue is proper in the U.S. District Court for the District of Columbia.

2. The Parties to this consent decree are Plaintiffs and EPA (each, a "Party").

3. The Parties shall not challenge the terms of this consent decree or this Court's jurisdiction to enter and enforce this consent decree.

4. On or before October 1, 2024, EPA shall sign a final rule approving, conditionally approving, or disapproving, in whole or in part, the SIP Revision.

5. Upon taking the action described in Paragraph 4, the appropriate EPA official shall, promptly after signature, forward such document to the Office of the Federal Register for review and publication in the Federal Register.

6. Within 7 business days after forwarding the document described in Paragraph 4, EPA shall send a copy of such document to Plaintiffs.

7. The deadlines established by this consent decree, including the period set forth in Paragraph 4, may be extended by (A) written stipulation of the Parties with notice to the Court, or (B) the Court upon motion by EPA for good cause shown under the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiffs and any reply by EPA. Any other provision of this consent decree may be modified by the Court following motion by a Party for good cause shown under the Federal Rules of Civil Procedure and upon consideration of any response by the non-moving Party and any reply.

8. The Parties recognize that the possibility exists that a lapse in the appropriations that fund EPA, such as a government shutdown, could delay compliance with the timetables in this consent decree. If a lapse in appropriations for EPA occurs within 120 days before any

deadline in this decree, including but not limited to the periods set forth in Paragraph 4, that deadline shall be automatically extended one day for each day of the lapse in appropriations. Nothing in this paragraph shall preclude EPA from seeking an additional extension through stipulation of the parties or modification of this consent decree pursuant to Paragraph 7.

9. The deadline for filing a motion for Plaintiffs' costs of litigation (including reasonable attorneys' fees) for activities performed before entry of this consent decree is hereby extended until 90 days after this decree is entered by the Court. During this period, the Parties shall seek to resolve informally any claim for costs of litigation (including reasonable attorneys' fees), and if they cannot, Plaintiffs will file a motion for costs of litigation (including reasonable attorneys' fees) or a stipulation or motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request.

10. The Parties agree that this consent decree shall constitute a complete and final settlement of all claims that Plaintiffs have asserted in this case, except those fee claims described in Paragraph 9. Nothing in this consent decree shall limit or waive any claim related to the legal sufficiency of the final action undertaken by EPA pursuant to this consent decree.

11. The Court shall retain jurisdiction over this matter to enforce the terms of this consent decree, to resolve any dispute under it, and to consider any requests for costs of litigation, including attorneys' fees. After publication of notice in the Federal Register for the action described in Paragraph 4 has been completed and after resolution of Plaintiffs' claim for costs of litigation (including attorneys' fees), the above-captioned matter shall be dismissed with prejudice. EPA shall file a notice with the Court to close the file.

12. Nothing in this consent decree shall be construed to limit or modify any discretion given to EPA by the CAA or by general principles of administrative law in taking the actions that are the subject of this consent decree, including discretion to alter, amend, or revise actions contemplated by this consent decree. EPA's obligation to perform the actions specified in Paragraphs 4 – 6 does not constitute a limitation or modification of EPA's discretion within the meaning of this Paragraph.

13. Nothing in this consent decree shall be construed as an admission of any issue of fact or law nor as a waiver or limitation regarding any claim or defense, on any grounds, related to any EPA action addressed in this decree or any aspect of the complaint.

14. Nothing in this consent decree shall be construed to (A) confer upon this Court jurisdiction to review any final decision made by EPA under this decree or to review any issues that are within the exclusive jurisdiction of the U.S. Court of Appeals under 42 U.S.C. § 7607(b)(1), or (B) waive any claims, remedies, or defenses the Parties may have under 42 U.S.C. § 7607(b)(1).

15. The Parties acknowledge that the obligations imposed on EPA under this consent decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

16. Any notice required or provided for by this consent decree shall be made in writing and sent to the following (or to any new address of counsel as filed and listed in the docket of this matter, at a future date):

| For Plaintiffs: | For Defendant: |
|---|---|
| Sanghyun Lee<br>Environmental Integrity Project<br>1000 Vermont Ave. NW, Ste. 1100<br>Washington, DC 20005<br>Telephone: (202) 263-4441<br>Facsimile: (202) 296-8822<br>SLee@environmentalintegrity.org | Jin Hyung Lee<br>U.S. Department of Justice<br>Environment & Natural Resources Division<br>Environmental Defense Section<br>P.O. Box 7611<br>Washington, DC 20044<br>(202) 514-2640<br>jin.hyung.lee@usdoj.gov |

17. If the Parties dispute the interpretation or implementation of any aspect of this consent decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. The Parties shall meet and confer to attempt to resolve the dispute. If the Parties cannot resolve the dispute within 10 business days after receipt of the notice (or a longer period as stipulated by the Parties), either Party may move the Court to resolve the dispute.

18. No motion or other proceeding seeking to enforce this consent decree or for contempt of Court shall be filed unless the Party seeking to enforce this decree has followed the procedure set forth in Paragraph 17.

19. It is expressly understood and agreed that this consent decree was jointly drafted by Plaintiffs and EPA. The Parties thus agree that any and all rules of construction that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning this decree's terms, meaning, or interpretation.

20. The Parties agree and acknowledge that before this consent decree can be finalized and entered by the Court, EPA must provide notice of this decree in the Federal Register and an opportunity for public comment pursuant to section 113(g) of the CAA, 42 U.S.C. § 7413(g). After this consent decree has undergone notice and comment, the Administrator

and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to this decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this consent decree.

21. If for any reason the Court declines to approve this consent decree in the form presented, this agreement is voidable at the sole discretion of either Party and the proposed decree's terms may not be used as evidence in any litigation between the Parties.

22. This consent decree applies to, is binding upon, and inures to the benefit of the Parties (and their successors, assigns, and designees).

23. The undersigned representatives of the Parties certify that they are fully authorized by the Party they represent to consent to the Court's entry of the terms and conditions of this decree.

SO ORDERED on this 28th day of March, 2023.

_____
James E. Boasberg
United States District Judge

COUNSEL FOR PLAINTIFFS:

/s/ Sanghyun Lee
Sanghyun Lee
DC Bar No. 1632212
Environmental Integrity Project
1000 Vermont Ave. NW, Ste. 1100
Washington, DC 20005
Telephone: (202) 263-4441
Facsimile: (202) 296-8822
SLee@environmentalintegrity.org

COUNSEL FOR DEFENDANT:

Todd Kim
Assistant Attorney General

/s/ Jin Hyung Lee
Jin Hyung Lee
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Tel: (202) 514-2640
jin.hyung.lee@usdoj.gov